UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| United States of America | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 23-5988 |
| | ) | |
| Luis Colindres | ) | |

### UNITED STATES' MOTION TO DISMISS APPEAL BASED ON APPELLATE WAIVER

Appellant Luis Colindres—an MS-13 gang member who admitted to his involvement in murdering three people—pled guilty under a plea agreement in which he knowingly waived (among other things) "any rights to appeal any pretrial motions" and "all . . . rights to appeal any issue bearing on the determination of whether he is guilty of the crimes to which is agreeing to plead guilty." (Plea Agreement, R. 546, #2735).[1] At sentencing, the district court accepted the parties' plea agreement and imposed the parties' jointly recommended (and below-guidelines) sentence of 660 months' (55 years') imprisonment. (Judgment, R. 658, #7102; Tr. of Sentencing Hr'g, R. 682, #7248-49, 7282). Colindres appealed, and his appellate counsel submitted a brief arguing that the district court erred in denying Colindres' pre-trial motion to suppress statements that Colindres made while he was in custody in a county detention center in Kentucky, and that his conviction should

---

[1] This motion cites documents from Case No. 3:18-cr-00293 using the form "[Document Description], R. __, #[Page I.D. #]."

be vacated because he "would not have pleaded guilty but-for the denial of his motion to suppress." (Colindres Br. 9-21). But because Colindres' appeal is barred by his express waiver of his right to appeal "any pretrial motions" and "any issue bearing on the determination of whether he is guilty," the government respectfully submits this appeal should be dismissed.

## BACKGROUND

### A. Offense Conduct

Colindres was a member of La Mara Salvatrucha ("MS-13"), an international criminal street gang that operates throughout North and Central America. (PSR at ¶¶ 26, 35; Plea Agreement, R. 546, #2726, 2728-29). In his capacity as a member of a local MS-13 cell operating in Nashville, Tennessee, Colindres conspired with other MS-13 members and associates to distribute more than 500 grams of cocaine in the Middle District of Tennessee and elsewhere. (PSR at ¶¶ 45-46; Plea Agreement, R. 546, #2732).

Colindres also admitted to participating in two murders (involving three victims) in connection with MS-13. (PSR at ¶¶ 36-44; Plea Agreement, R. 546, #2729-32). In the first murder, Colindres and other MS-13 members and associates noticed a suspected rival gang member at a Nashville night club. (PSR at ¶ 36; Plea Agreement, R. 546, #2729). Colindres and his accomplices followed the suspected rival gang member home from the club and opened fire on the suspected rival gang

2

member's vehicle, killing both the suspected rival gang member and a friend who also happened to be in the car. (PSR at ¶¶ 37-40; Plea Agreement, R. 546, #2729-31). Police responding to the murder scene located approximately twenty 9mm shell casings on or around the victim's vehicle, and both murdered victims had multiple gunshot wounds to their heads and upper torsos. (PSR at ¶ 40; Plea Agreement, R. 546, #2730).

In the second murder, Colindres and accomplices took a man who owed Colindres a drug debt to a secluded location, directed the man to get into the trunk of a car, and then opened fire. (PSR at ¶¶ 41-43; Plea Agreement, R. 546, #2731). After the car containing the murdered man's corpse was driven to another location, Colindres and his accomplices burned the car with the victim's body inside to destroy evidence of the murder. (PSR at ¶ 44; Plea Agreement, R. 546, #2732).

### B. Indictment and Motion to Suppress

Based on the conduct outlined above and other criminal conduct committed by MS-13 members and associates in the Middle District of Tennessee, on July 26, 2021, a federal Grand Jury returned a sixty-count Second Superseding Indictment. (Second Superseding Indictment, R. 150, #404). Colindres was charged in sixteen of the sixty counts as follows:

- RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One);

- Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or More of Cocaine, and Marijuana, in violation of 21 U.S.C. § 846 (Count Two);

- Two counts of Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Counts Thirty-Nine and Forty-Seven);

- Three counts of Murder in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2 (Counts Forty, Forty-Four, and Forty-Eight);

- Three counts of Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(iii) and 2 (Counts Forty-One, Forty-Five, and Forty-Nine);

- Three counts of Causing Death Through the Use of a Firearm, in violation of 18 U.S.C. §§ 924(j) and 2 (Counts Forty-Two, Forty-Six, and Fifty);

- Witness Tampering, in violation of 18 U.S.C. §§ 1512(a)(1) and 2 (Count Forty-Three);

- Obstruction of Justice, in violation of 18 U.S.C. §§ 1512(c)(1) and 2 (Count Fifty-One); and

- Destruction of Evidence, in violation of 18 U.S.C. §§ 1519 and 2 (Count Fifty-Two).

(*Id.*).

Notably, the three counts of Murder in Aid of Racketeering (Counts Forty, Forty-Four, and Forty-Eight) each carried a mandatory sentence of life imprisonment. 18 U.S.C. § 1959(a)(1).

On February 24, 2023, Colindres filed a motion to suppress statements that he had made to law enforcement officers on February 28, 2018, and May 5, 2018—

before he was indicted federally, and while he was being held in a county detention center in Kentucky.[2] (Motion to Suppress, R. 396). The motion to suppress argued that, even though Colindres received *Miranda* warnings prior to making the statements in question, the statements were nonetheless involuntary such that introducing them at his trial would violate his Fifth Amendment privilege against self-incrimination. (*Id.* at 4-11).[3] The motion to suppress also argued that admitting the statements at trial would violate his Sixth Amendment right to counsel. (*Id.* at 12). The United States responded in opposition. (Response in Opposition to Motion to Suppress, R. 432, #1961).

On March 15, 2023, the district court held a suppression hearing at which the government presented testimony from two federal agents and Colindres himself testified in support of his motion. (Criminal Minutes, R. 446, #2050; Exhibit and Witness List, R. 447, #2051). At the conclusion of the hearing, the district court denied the motion in a lengthy oral ruling. (Tr. of Suppression Hr'g, R. 782, #8073-99; Order, R. 449, #2053).

---

[2] The earliest federal indictment against Colindres was returned on August 8, 2018, in Middle District of Tennessee Case No. 3:18-cr-00200. The government moved to dismiss that case after Colindres was included in the Second Superseding Indictment in Case No. 3:18-cr-00293 described above.

[3] When undersigned counsel downloaded the motion to suppress from PACER, Page ID #'s were not available.

### C. Plea Agreement and Sentencing

Along with three co-defendants, Colindres proceeded to trial on April 4, 2023. (Criminal Minutes, R. 532, #2696). Before the trial concluded, however, Colindres elected to plead guilty pursuant to a plea agreement with the government. (Plea Petition, R. 545, #2711; Plea Agreement, R. 546, #2721).

Under the terms of the plea agreement, Colindres pled guilty to seven of the sixteen charges against him. Specifically, Colindres pled guilty to Counts One (RICO Conspiracy), Two (Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Cocaine, and Marijuana), Thirty-Nine and Forty-Seven (both for Conspiracy to Commit Murder in Aid of Racketeering), Forty-Three (Witness Tampering), Fifty-One (Obstruction of Justice), and Fifty-Two (Destruction of Evidence). (Plea Agreement, R. 546, #2722).

In exchange, the government agreed that the remaining nine counts—namely, three counts of Murder in Aid of Racketeering, each of which carried a mandatory life sentence (Counts Forty, Forty-Four, and Forty-Eight); three counts of Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, each of which carried a consecutive mandatory minimum sentence of ten years' imprisonment (Counts Forty-One, Forty-Five, and Forty-Nine); and three counts of Causing Death Through the Use of a Firearm, each of which also carried a consecutive mandatory minimum sentence of ten years' imprisonment (Counts

6

Forty-Two, Forty-Six, and Fifty)—would all be dismissed at sentencing. (*Id.* at #2722-23). The parties further agreed pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the district court would sentence Colindres to 660 months (55 years) in prison. (*Id.* at #2733).

Of particular relevance here, Colindres' plea agreement included the following appellate waiver provision:

> Regarding the issue of guilt, **defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crimes to which he is agreeing to plead guilty; (ii) any rights to appeal any pretrial motions;** and (iii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence which includes a sentence of 660 months' (55 years') incarceration. Defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence which includes a sentence of 660 months' (55 years') incarceration.

(*Id.* at #2735 (emphasis added)).

The district court held a plea hearing on April 13, 2023. (Criminal Minutes, R. 544, #7130). During the plea hearing, the district court specifically discussed the appellate waiver provision with Colindres, and Colindres confirmed that he

7

understood it and had no questions about it. (Tr. of Plea Hr'g, R. 678, #7219-22). At the conclusion of the plea hearing, the district court found that Colindres was electing to plead guilty knowingly and voluntarily and accepted his plea of guilty. (*Id.* at #7230).

In preparation for sentencing, the Probation Office prepared a Presentence Investigation Report ("PSR"), which calculated Colindres' advisory guidelines range as life imprisonment. (PSR at 32).[4] Through counsel, Colindres indicated that he had no objections to the PSR, (Colindres' Position Regarding the PSR, R. 652, #7079), and he filed a sentencing memorandum asking the district court to accept the parties' plea agreement and sentence him to 660 months, even though that sentence was "below the estimated advisory guidelines range." (Colindres' Sentencing Memorandum, R. 641, #7028, 7033).

The district court held a sentencing hearing on October 25, 2023. (Criminal Minutes, R. 655, #7083). At the sentencing hearing, the district court observed that the parties' agreed sentence was a "significant downward variance" for crimes that were "so serious"—in the district court's words, "the kind of things that are so horrible that fiction writers and movie directors make movies about them because

---

[4] The PSR calculated Colindres' Total Offense Level as 45, but because the maximum offense level under the guidelines is 43, the PSR concluded that "the offense level will be treated as a level 43." (PSR at 33). Combined with Colindres' Criminal History Category of I, his Offense Level of 43 yielded an advisory guidelines range of life imprisonment. (*Id.* at 32).

they're so horrifying[.]" (Tr. of Sentencing Hr'g, R. 682, #7248, 7274). The district court ultimately adopted the PSR's recommendation of an advisory guidelines range of life imprisonment, (*id.* at #7258), and accepted the parties' agreed sentence, varying downward to impose a term of 660 months' imprisonment, (*id.* at #7249-50, 7274-82). In doing so, the district court observed that it was "[v]ery prudent" for defense counsel to have negotiated a sentence that would give Colindres "a chance for freedom some day," when he otherwise might have received a life sentence had he continued with his trial. (*Id.* at #7275).[5] The district court also sentenced Colindres to four years of supervised release. (*Id.* at #7282).

The district court entered its judgment on October 26, 2023. (Judgment, R. 658, #7100). Colindres filed a timely notice of appeal on November 6, 2023. (Notice of Appeal, R. 664, #7119).

Colindres' appellate counsel has now filed a brief with this Court, seeking to challenge the district court's denial of his pre-trial motion to suppress statements that he made before his federal indictment while he was in state custody in Kentucky.

---

[5] Colindres' three trial co-defendants—Kevin Tidwell, Jorge Flores, and Jose Pineda-Caceres—were each convicted of numerous offenses at the conclusion of the joint trial. (*See* Jury Verdict Form (Tidwell), R. 571, #2783; Jury Verdict Form (Flores), R. 573, #2795; Jury Verdict Form (Pineda-Caceres), R. 575, #2818). Tidwell was sentenced to life imprisonment plus 30 years. (Tidwell Judgment, R. 768, #7779). Flores was sentenced to life imprisonment plus 65 years. (Flores Judgment, R. 756, #7689). And Pineda-Caceres—who, unlike Colindres, was a juvenile at the time of the offenses—was sentenced to 50 years' imprisonment. (Pineda-Caceres Judgment, R. 786, #8197).

(Colindres Br. 9-21). Despite the appellate waiver provision in his plea agreement, Colindres' brief does not reference, much less explain, why his waiver of "any rights to appeal any pretrial motions" and his waiver of "all . . . rights to appeal any issue bearing on the determination of whether he is guilty of the crimes to which he is agreeing to plead guilty" would not foreclose his attempt to appeal the denial of his pre-trial suppression motion and his convictions. (*See* Plea Agreement, R. 546, #2735). Notably, Colindres raises no claim of ineffective assistance of counsel, involuntariness of his plea, or any allegation of prosecutorial misconduct, which are the only class of claims excepted from his waiver of appellate rights. (*Id.*).

## ARGUMENT

"It is axiomatic that as part of a valid plea agreement, criminal defendants may 'waive many of their most fundamental' legal rights, including their right to appeal." *United States v. Milliron*, 984 F.3d 1188, 1192-93 (6th Cir. 2021) (brackets omitted) (quoting *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995)); *see also United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005) (noting that a "plea agreement may waive . . . the right to challenge a prior coerced confession" (citing *McMann v. Richardson*, 397 U.S. 759 (1970)). As this Court has explained, "[e]nforcing appeal waivers makes good sense," given that "[a] waiver of appellate rights gives a defendant a means of gaining concessions from the government," and "[t]he government benefits too, by saving the time and money involved in arguing

appeals." *United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012). "A waiver provision is binding and forecloses appellate review if (1) the defendant's claim falls within the scope of the appeal waiver provision; and (2) the defendant 'knowingly and voluntarily' agreed to the plea agreement and waiver." *Milliron*, 984 F.3d at 1193 (citing *Toth*, 668 F.3d at 377-78).

Here, Colindres' claim plainly falls within the scope of the appeal waiver provision. In his appellate brief, Colindres argues that his pre-trial motion to suppress was wrongly denied and that, accordingly, his "judgment of conviction must be vacated." (Colindres Br. 8). In his plea agreement, Colindres expressly waived "any rights to appeal any pretrial motions" and his right to appeal "any issue bearing on the determination of whether he is guilty of the crimes to which he is agreeing to plead guilty." (Plea Agreement, R. 546, #2735). Those waivers squarely cover the claims in this appeal.

This appeal is thus foreclosed unless Colindres did not "knowingly and voluntarily" agree to the waiver. *Milliron*, 984 F.3d at 1193; *see also Toth*, 668 F.3d at 377 ("Only challenges to the validity of the waiver itself will be entertained on appeal." (citing *In re Acosta*, 480 F.3d 421, 422-23 (6th Cir. 2007), *United States v. Flowers*, 428 F. App'x 526, 530 (6th Cir. 2011), and *United States v. Atkinson*, 354 F. App'x 250, 252 (6th Cir. 2009)); *United States v. Morrison*, 852 F.3d 488, 490

(6th Cir. 2017) (explaining that this Court "will enforce an appeal waiver included in a plea agreement when the agreement is made knowingly and voluntarily").

Colindres does not argue that his guilty plea was not knowing and voluntary. Even if he made such an argument, it would fail. The district court conducted a fulsome plea colloquy. (*See generally* Tr. of Plea Hr'g, R. 678, #7188-7230). In particular, as required by Federal Rule of Criminal Procedure 11(b)(1)(N), the district court extensively discussed the appeal waiver provision of the plea agreement with Colindres before accepting his plea. (*Id.* at #7219-22). During this portion of the colloquy, Colindres specifically confirmed in response to the district court's questions that that he had reviewed the appeal waiver provision with his attorneys; that he understood the appeal waiver; that the appeal waiver made sense to him; and that he had no questions about it. (*Id.*). In short, the record makes clear that Colindres waived his appeal rights "voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *See Milliron*, 984 F.3d at 1193 (quoting *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)).

Further, the appeal waiver provision's exceptions for "claim[s] of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel" are not implicated here. (*See* Plea Agreement, R. 546, #2735). As just explained, the

plea colloquy demonstrates that Colindres pled guilty voluntarily. And Colindres does not allege any prosecutorial misconduct or ineffective assistance of counsel.

The only gesture Colindres makes in the direction of his appeal waiver is the final sentence of his brief, which argues: "[S]ince Appellant would not have pleaded guilty but-for the denial of his motion to suppress, his plea and any accompanying waivers of his rights were also necessarily invalid." (Colindres Br. 21). The government is uncertain whether the vague term "invalid" in this sentence is intended to be synonymous with "involuntary." All the cases Colindres cites in support of this sentence—namely, *Wong Sun v. United States*, 371 U.S. 471 (1963); *Nix v. Williams*, 467 U.S. 431, 441 (1984); *United States v. Waide*, 60 F.4th 327, 338 (6th Cir. 2023); *United States v. Williams*, 615 F.3d 657, 668 (6th Cir. 2010); and *United States v. Leake*, 95 F.3d 409, 412 (6th Cir. 1996)—deal only with the fruit-of-the-poisonous tree doctrine, not the voluntariness of a guilty plea.

In any event, even if Colindres does intend to argue his guilty plea was "involuntary" because he would not have pled guilty had the district court granted his motion to suppress, that argument would fail. In *McMann v. Richardson*, 397 U.S. 759, 760 (1970), the Supreme Court considered "whether and to what extent an otherwise valid guilty plea may be impeached in collateral proceedings by assertions or proof that the plea was motivated by a prior coerced confession." And *McMann* held that "a defendant's plea of guilty based on reasonably competent advice is an

intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession." *Id.* at 770. In other words, so long as defense counsel's advice to plead guilty was "within the range of competence demanded of attorneys in criminal cases," a guilty plea cannot be attacked simply because it was "motivated by a confession erroneously thought admissible in evidence." *Id*. at 770-71.

*McMann* means that, in order to show his guilty plea was involuntary here, Colindres would have to allege and prove that his trial counsel was constitutionally ineffective in advising him to plead guilty in lieu of pressing onward with his trial to preserve the suppression issue for appeal. *See Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) ("Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' . . . [A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.'" (first quoting *McMann*, 397 U.S. at 771, then quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973))); *see also Miller v. United States*, 762 F.2d 1009 (Table), 1985 WL 13179, at *1 (6th Cir. 1985) (order) ("Given this model plea hearing, it is well established that an otherwise valid plea of guilty

may not be successfully attacked on the basis that the defendant had already entered a constitutionally infirm confession which he thought would be admitted at his trial." (citing *Parker v. North Carolina*, 397 U.S. 742, 396-397 (1970), and *McMann*, 397 U.S. at 770)).

Colindres has not even attempted to argue that his trial counsel was constitutionally ineffective in advising him to plead guilty rather than press on with his trial in order to preserve for appeal his already rejected motion to suppress. The record does not support a claim of ineffective assistance of counsel. And in any event, a § 2255 motion is generally this Court's "preferred mode" for raising such a claim. *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). Accordingly, even assuming the final sentence of Colindres' appellate brief is an attempt to challenge the voluntariness of his guilty plea, it fails.[6]

---

[6] This motion to dismiss is based on the appeal waiver provision of the plea agreement. *See* 6 Cir. R. 27(d) (explaining that "[a] party may file a motion to dismiss asserting . . . threshold procedural grounds"). Even beyond the appeal waiver, however, Colindres' attempt to appeal the denial of his pre-trial motion to dismiss would independently fail because he did not enter a conditional guilty plea under Rule 11(a)(2). This Court has "squarely held that 'a defendant who pleaded guilty may not appeal an adverse ruling on [a] pre-plea motion to suppress evidence "unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with" Rule 11(a)(2).'" *United States v. Bogle*, 2023 WL 110722, at *3 (6th Cir. Jan. 5, 2023) (quoting *United States v. Bell*, 350 F.3d 534, 535-36 (6th Cir. 2003)); *accord United States v. Abdulmutallab*, 739 F.3d 891, 904 (6th Cir. 2014); *United States v. Ferguson*, 669 F.3d 756, 763-64 (6th Cir. 2012); *United States v. Kirksey*, 118 F.3d 1113, 1115 (6th Cir. 1997); *United States v. Jordan*, 308 F. App'x 990, 992 (6th Cir. 2009); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Mendez-Santana*, 645 F.3d 822, 828 (6th Cir. 2011). The United

# CONCLUSION

For the reasons set forth above, the government respectfully submits that the Court should dismiss this appeal as barred by Colindres' knowing and intelligent waiver of his right to appeal both the denial of any pretrial motions and his convictions. The government further respectfully moves the Court to stay the current briefing schedule until such time as the instant motion is resolved by the Court.

Respectfully submitted,

ROBERT E. McGUIRE
Acting United States Attorney for the
Middle District of Tennessee

*/s/ Nicholas J. Goldin*
NICHOLAS J. GOLDIN
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
615-736-5151

---

States asserts Colindres' failure to enter a conditional plea under Rule 11(a)(2) as a further bar to his claims on appeal, although it may be premature for the Court to reach this issue at the motions stage. *See* 6 Cir. R. 27(d).

## CERTIFICATE OF SERVICE

I hereby certify that, on April 2, 2025, a true and exact copy of the foregoing document was served via the Court's electronic filing system on:

Agatha M. Cole
Beverly PLLC
43 W. 43rd Street, Suite 159
New York, NY 10036
828-773-2628

*/s/ Nicholas J. Goldin*
NICHOLAS J. GOLDIN
Assistant United States Attorney

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,840 words. This motion also complies the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in 14-point Times New Roman, a proportionally spaced typeface, using Microsoft Word for Office word processing software.

*/s/ Nicholas J. Goldin*
NICHOLAS J. GOLDIN
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
615-736-5151