Nos. 23-5988/24-5610/5626/5641

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 10, 2025
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEVIN TIDWELL,

Defendant-Appellant.

O R D E R

Before: LARSEN, Circuit Judge.

Kevin Tidwell appeals the district court's judgment in his criminal case after a jury found him guilty of conspiracy to participate in racketeering activity, conspiracy to commit murder in aid of racketeering, murder in aid of racketeering, attempted murder in aid of racketeering, and using, carrying, brandishing, or discharging a firearm during and in relation to a crime of violence. He moves for leave to file his principal appellate brief under seal, and his brief has been maintained under seal pending a decision on this motion.

"Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). There is a "strong presumption in favor of openness," *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983), and "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching [their] decisions." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (first alteration in original) (quoting

*Brown & Williamson*, 710 F.2d at 1181). Sixth Circuit Rule 25(h)(5), however, requires that "[d]ocuments sealed in the lower court or agency must continue to be filed under seal in [the circuit] court."

Tidwell's brief may remain under seal because it quotes from and discusses proceedings that are sealed in the district court. Only some portions of the brief reference the sealed proceedings, however, and "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp., Inc.*, 825 F.3d at 305.

Accordingly, the motion to seal the brief is **GRANTED IN PART**. Tidwell's brief shall remain sealed on the docket, but he is **ORDERED** to file a publicly available version of the brief that redacts any references to sealed information within fifteen (15) days of the date of entry of this order. The parties are further advised that, if their future briefs reference sealed information, they may simultaneously file sealed and publicly available redacted versions of their briefs. Should the government's consolidated brief reference any sealed materials, the publicly available and sealed versions of its brief shall be filed in all the consolidated cases to maintain the confidentiality of the sealed proceedings below. If the court later determines that any of the redacted information in the parties' briefs should be made available to the public, the court may reconsider this ruling. *See Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 791 (6th Cir. 2010) (order). Should any party wish for this court's opinion to be sealed or redacted, either in whole or

in part, a separate motion must be filed which will be considered by the panel that is assigned to decide the merits of the appeal.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk