No. 23-5988

IN THE

# United States Court of Appeals for the Sixth Circuit

———————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

— v. —

LUIS COLINDRES,

*Defendant-Appellant.*

———————————————

On Appeal from the United States District Court
for the Middle District of Tennessee (J. Richardson)
Case No's. 3:18-CR-00200 and 3:18-CR-00293

**APPELLANT'S RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTION TO DISMISS APPEAL**

Agatha M. Cole
BEVERLY PLLC
43 West 43rd Street, Suite
New York, NY 10036
(828)773-2628
agatha@beverlypllc.com

*Counsel for Defendant- Appellant, Luis Colindres*

# **TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ............................................ 1

ARGUMENT ................................................................................. 3

   I.   The issues raised on appeal fall squarely within the carevout in the plea agreement ............................................................. 3

  II.  Any ambiguity as to the scope of the waiver must be construed against the Government ............................................ 4

 III. Review on the merits is necessary to prevent a miscarriage of justice ..................................................................................... 6

 IV. A decision on the merits would provide much needed clarity and guidance on the application of *Corley* in this Circuit ....... 8

CONCLUSION ............................................................................... 9

# INTRODUCTION AND BACKGROUND

Bright line rules are notoriously hard to come by in post-*Miranda* jurisprudence.[1] In an area of the law that is otherwise plagued with inconsistent decisions on the nature of coercion, compulsion, and consent, the rule articulated in *Corley v. United States*, 556 U.S. 303 (2009) is a notable exception that stands out as a model of clarity.

---

[1] *See, e.g.,* Lawrence Rosenthal, *Compulsion*, 19 U. PA. J. CONST. L. 889 (2017) ("The lack of a definition of compulsion plagues Fifth Amendment jurisprudence and scholarship"); Eve B. Primus, *The Future of Confession Law: Toward Rules for the Voluntariness Test,* 114 MICH. L. REV. 1 (2015) (discussing "the need for more clarity in the legal rules governing interrogation practices); Richard A. Leo, POLICE INTERROGATION AND AMERICAN JUSTICE 277 (2008) (observing that "[t]he voluntariness test . . . invites inconsistent application."); *see also* Bryan Taylor, *You Have the Right to Be Confused! Understanding Miranda After 50 Years,* 36 PACE L. REV. 158 (2015); Paul Marcus, *It's Not Just About Miranda: Determining the Voluntariness of Confessions in Criminal Prosecutions*, 40 VAL. U. L. REV. 601 (2006); Mark A. Godsey, *Rethinking the Involuntary Confession Rule: Toward a Workable Test for Identifying Compelled Self-Incrimination*, 93 CALIF. L. REV. 465, 485–88 (2005); Welsh S. White, *Miranda's Failure to Restrain Pernicious Interrogation Practices,* 99 MICH. L. REV. 1211 (2001)*;* Stephen J. Schulhofer, *Confessions and the Court,* 79 MICH. L. REV. 865, 869-70 (1981).

The Supreme Court's decision in *Corley* sets forth a simple test for assessing the admissibility of custodial statements under the Fifth Amendment's presentment clause:

> [If] the defendant confessed within six hours of arrest… it is admissible… so long as it was 'made voluntarily…'
> … If the confession occurred before presentment and beyond six hours, however, the court must decide whether delaying that long was unreasonable or unnecessary under the *McNabb –Mallory* cases, and if it was, the confession is to be suppressed.

*Corley*, 556 U.S. at 322-323; *accord United States v. Pimental*, 755 F.3d 1095, 1101 (9th Cir. 2014).

Appellant Luis Colindres brings this appeal pursuant to *Corely*, having entered a partial waiver of his appellate rights—with the following carve out:

```
[N]o waiver of the right to appeal... shall apply
to a claim of involuntariness, prosecutorial
misconduct,   or   ineffective   assistance   of
counsel.
```
Plea Agreement (Apr. 13, 2023) [Doc. 546, Page ID #2735].

The Government has moved to dismiss the appeal, arguing that the appeal falls beyond the scope of that carve out. That motion should be denied for at least four reasons.

**ARGUMENT**

I. **The issues raised on appeal fall squarely within the carveout in the plea agreement**

The Government's motion is premised on a narrowly artificial reading of the claims presented on appeal and practical concerns that the Court sought to address in *Corley,* 556 U.S. at 321 ("[W]e have always known what custodial secrecy leads to… [and] [n]o one with any smattering of the history of 20th-century dictatorships needs a lecture on the subject …").

As the Court explained in *Corley*, "'[c]ustodial police interrogation, by its very nature, isolates and pressures the individual,' [quoting *Dickerson v. United States,* 530 U.S. 428, 535 (2000)] … and there is mounting empirical evidence that these pressures can induce a frighteningly high percentage of people to confess to crimes they never committed." *Id. at* 321 (citing Drizin & Leo, *The Problem of False Confessions in the Post–DNA World*, 82 N.C. L. REV. 891, 906–907 (2004)).

This language puts *Corley* squarely within the ambit of Fifth Amendment cases arising from concerns about the "voluntariness"

of confessions, and within the scope of that carveout in the plea agreement.

Moreover, the appeal also implicates a potential claim of "prosecutorial misconduct," insofar as federal agents claimed to have been acting on the directives of the prosecution team. *See* Appellant's Principal Brief at 6-7 ("As HSI Special Michael Agent Perez later recounted, federal prosecutors in Nashville approved, and possibly even encouraged these visits, despite knowing that Appellant was represented by counsel…").

## II. <u>Any ambiguity as to the scope of the waiver must be construed against the Government</u>

To the extent there is any room for debate the substance and meaning of the carveout in the plea agreement, any ambiguity as to the scope of the waiver must be construed in Appellant's favor. *See, e.g., United States v. Jones*, 569 F.3d 569, 572 (6th Cir.2009) ("We have repeatedly emphasized that ambiguities in plea agreements must be construed against the government.") (citing *United States v. Caruthers,* 458 F.3d 459, 470 (6th Cir. 2006), *cert. denied,* 549 U.S. 1088 (2006); *United States v. Fitch,* 282 F.3d 364,

367-68 (6th Cir.2002); *United States v. Johnson,* 979 F.2d 396, 399 (6th Cir.1992); *accord United States v. Droganes,* 728 F.3d 580, 587 (2012) ("Because plea agreements are to be interpreted strictly, with ambiguities construed against the government … we decline to apply the appellate-waiver provision in this instance.") (cleaned up); *United States v. Smith,* 344 F.3d 479 (6th Cir. 2003) ("[Because] [t]he plea agreement is ambiguous… [we] hold that Defendant's appeal is not waived."). *see also United States v. Bowman,* 634 F.3d 357, 360-61 (6th Cir. 2011).

In any event, to the extent that any such ambiguity exists, this Court has previously recognized that "[t]he validity of an appellate waiver is best resolved in light of the entire record," *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012), instead of being disposed of on a motion to dismiss.

## III. Review on the merits is necessary to prevent a miscarriage of justice

In the alternative, the Government's motion should be denied as a matter of basic fairness and due process, based on the totality-of-the circumstances giving rise to the guilty plea. *See, e.g., United States v. Matthews*, 534 F. App'x 418, 425 (6th Cir. 2013) ("Although we have never expressly recognized the miscarriage-of-justice exception to the enforcement of appellate waivers in a published decision, we have implicitly recognized it in several unpublished decisions."); *accord United States v. Riggins,* No. 16-1429 (6th Cir. 2017) (explaining that "even a knowingly-entered, otherwise-valid appellate waiver" should not be enforced if it will "result in a miscarriage of justice or undermine the proper functioning of the federal courts."); *see also See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011); *United States v. Guillen,* 561 F.3d 527, 531 (D.C. Cir. 2009); *United States v. Gwinnett,* 483 F.3d 200, 203 (3d Cir. 2007); *United States v. Hahn*, 359 F.3d 1315, 1325, 1327 (10th Cir. 2004); *United States v. Andis*, 333 F.3d 886,

889-90 (8th Cir. 2003); *United States v. Teeter*, 257 F.3d 14, 25 (1st Cir. 2001).

Where, as here, a plea is induced by the product of a constitutional violation that renders the process itself fundamentally unfair, precluding appellate review based on the terms of that plea is hardly a just result. As argued in the principal brief, the custodial statements at issue were obtained during a prolonged period of unlawful detention in violation of the Fifth Amendment and the *McNabb-Mallory* rule, as reaffirmed in *Corley v. United States*, 556 U.S. 303 (2009).

If the carveout in the plea agreement is not appropriately construed as allowing this direct appeal, then the voluntary and intelligent nature of the plea is itself cast in doubt.

## IV. A decision on the merits would provide much needed clarity and guidance on the application of *Corley* in this Circuit

Finally, the Government's motion should be denied because review on the merits of the argument would clarify the appplication of *Corley* and provide necessary guidance to lower courts on presentment clause issues in this Circuit.

To date, the only case in which this Court has considered a presentment clause issue post-*Corley* is an unpublished decision which only invites further confusion. *See United States v. Woodley,* No. 17-5803 (6th Cir. 2018). According to *Woodley,* "Sixth Circuit precedent holds that 'waiver of one's *Miranda* rights also constitutes a waiver under *McNabb-Mallory*,' meaning that '[a] valid *Miranda* waiver also waives the prompt judicial warning of one's constitutional rights" (citing *United States v. Barlow,* 693 F.2d 954, 959 (6th Cir. 1982)). Because this statement is far more confusing than it is helpful, this Court should embrace the opportunity to clarify the implications of *Corley,* 556 U.S. at 322.

## CONCLUSION

For these reasons, the Government's motion must be denied and the appeal should proceed on the merits.

Respectfully submitted,

By:    /s/ *Agatha M. Cole*
      Agatha M. Cole
      BEVERLY PLLC
      43 West 43rd Street, Suite 159
      New York, NY 10036
      (828) 773-2628
      agatha@beverlypllc.com

*Counsel for Defendant-Appellant,*
*Luis Colindres*

**CERTIFICATE OF COMPLIANCE**

The foregoing motion response complies with Fed. R. App. P. 27 and Fed. R. App. P. 32, because it was prepared in Century Schoolbook (font size 14) and does not exceed 5,200 words.

By: /s/ *Agatha M. Cole*
Agatha M. Cole
BEVERLY PLLC
43 West 43rd Street, Suite 159
New York, NY 10036
(828) 773-2628
agatha@beverlypllc.com

*Counsel for Defendant-Appellant,
Luis Colindres*

# **CERTIFICATE OF SERVICE**

The foregoing brief was served on counsel for all parties via the court's electronic filing system.

By:    /s/ *Agatha M. Cole*
       Agatha M. Cole
       BEVERLY PLLC
       43 West 43rd Street, Suite 159
       New York, NY 10036
       (828) 773-2628
       agatha@beverlypllc.com

*Counsel for Defendant-Appellant,*
*Luis Colindres*