# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| United States of America | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 23-5988 |
| | ) | |
| Luis Colindres | ) | |

## REPLY IN SUPPORT OF UNITED STATES' MOTION TO DISMISS BASED ON APPELLATE WAIVER

Pursuant to Rule 27(a)(4) of the Federal Rules of Appellate Procedure, the government submits the following reply to Colindres' response in opposition to the government's motion to dismiss this appeal. (*See* Response, ECF No. 87). The government offers five brief points in reply:

*First*, Colindres' response completely ignores the language in his appellate waiver provision that "waives . . . any rights to appeal any pretrial motions." (Plea Agreement, R. 546, #2721). Colindres suggests the appeal waiver is ambiguous. (Response, ECF No. 87, at 4-5). But there is nothing ambiguous about his waiver of "any rights to appeal any pretrial motions." (Plea Agreement, R. 546, #2721). And there is also no doubt that this appeal seeks review of his pretrial motion to suppress. (*See* Appellant Br. 7-8).

*Second*, Colindres suggests that his appeal may fall outside the appeal waiver because it "implicates a potential claim of 'prosecutorial misconduct.'" (Response, ECF No. 87, at 4). But Colindres' opening brief plainly does not raise a prosecutorial

misconduct claim. (*See* Appellant Br. 1 (identifying the only issue on appeal as whether "a valid *Miranda* waiver always inoculate[s] otherwise tainted evidence from constitutional challenge under the Fifth Amendment").

*Third*, Colindres argues that this appeal also falls within the appeal waiver's exception for "claim[s] of involuntariness." (Response, ECF No. 87, at 3-4). This argument fails because, read in context, the relevant language of the plea agreement is plainly an exception for claims that *the guilty plea itself* (not a prior confession preceding the guilty plea) was involuntary. *See United States v. Ellis*, 115 F.4th 497, 501 (6th Cir. 2024) (explaining that appeal waivers do not bar arguments "that the appellate court could not constitutionally enforce the appeal waiver because [the defendant] did not knowingly and voluntarily plead guilty").

But even if there were any doubt on this point, the argument would still fail because Colindres' appeal expressly does *not* challenge the voluntariness of his confession. Instead, Colindres' appeal relies on *Corley v. United States*, 556 U.S. 303 (2009), and it is explicitly based on a purported violation of the presentment requirement contained in the *McNabb-Mallory* rule. In *Corley*, the Court explained that "under the *McNabb–Mallory* rule . . . 'inadmissible' and 'involuntary' mean different things." *Id.* at 316. Thus, "*McNabb–Mallory* makes even voluntary confessions inadmissible if given after an unreasonable delay in presentment." *Id.* In keeping with this language, Colindres' opening brief makes clear that he does *not*

2

seek to challenge the voluntariness of his confession on appeal: "*Setting aside the question of whether Appellant's statements were voluntary in the sense of not having been 'compelled,'* the circumstances in which they were given were in direct contravention to Appellant's right to speedy presentment and well within the ambit of circumstances giving rise to a claim of unlawful arrest." (Appellant Br. 15 (emphasis added and footnote omitted)). Thus, even if the plea agreement's exception for "claim[s] of involuntariness" were contorted in the way Colindres suggests, his appeal raising a claim under the *McNabb-Mallory* presentment rule still does not fit within the exception.

*Fourth*, Colindres argues that, even if the appeal waiver applies, this Court should ignore it under the miscarriage-of-justice exception to the enforcement of appellate waivers. (Response, ECF No. 87, at 6-7). This Court "ha[s] never expressly recognized the miscarriage-of-justice exception to the enforcement of appellate waivers in a published decision," although it "ha[s] implicitly recognized it in several unpublished decisions." *United States v. Mathews*, 534 F. App'x 418, 425 (6th Cir. 2013). Even if the Court chose to recognize the miscarriage-of-justice exception, it would not apply here because no miscarriage of justice has occurred. Colindres admitted to murdering three people in crimes that the district court described as "so horrible that fiction writers and movie directors make movies about them because they're so horrifying." (Tr. of Sentencing Hr'g, R. 682, #7274). In

exchange, Colindres received a below-guidelines sentence of 55 years, and the government dismissed multiple counts that would have carried mandatory life sentences. (*See* Motion to Dismiss, ECF No. 81, at 6-7). No miscarriage of justice occurred.

*Fifth and finally*, Colindres asks this Court to override his appellate waiver for a policy reason: because "review on the merits would . . . provide necessary guidance to lower courts." (Response, ECF No. 87, at 8). This policy reason does not authorize the Court to overlook Colindres' appellate waiver. It is also not persuasive even on its own terms. As this Court has recognized, "appeal waivers can benefit both sides," and "prosecutors would not agree to this exchange if appellate courts regularly allowed defendants to violate the agreement by appealing any and every issue." *Ellis*, 115 F.4th at 500. Thus, sound policy does not support Colindres' invitation to consider this appeal on the merits simply to "provide necessary guidance to lower courts." Moreover, as the government has explained, (*see* Motion to Dismiss, ECF No. 81, at 15 n.6), this appeal would not be considered on the merits even if the Court overlooks the appellate waiver, because there is still the additional bar that Colindres failed to preserve the right to appeal the denial of his motion to suppress "'by entering a conditional plea of guilty in compliance with' Rule 11(a)(2)." *United States v. Bogle*, 2023 WL 110722, at *3 (6th Cir. Jan. 5, 2023) (quoting *United States v. Bell*, 350 F.3d 534, 535-36 (6th Cir. 2003)).

4

## **CONCLUSION**

The appeal should be dismissed.

                        Respectfully submitted,

                        ROBERT E. McGUIRE
                        Acting United States Attorney for the
                        Middle District of Tennessee

                        */s/ Nicholas J. Goldin*
                        NICHOLAS J. GOLDIN
                        Assistant United States Attorney
                        719 Church Street, Suite 3300
                        Nashville, Tennessee 37203
                        615-736-5151

## CERTIFICATE OF SERVICE

      I hereby certify that, on May 15, 2025, a true and exact copy of the foregoing document was served via the Court's electronic filing system on:

Agatha M. Cole
Beverly PLLC
43 W. 43rd Street, Suite 159
New York, NY 10036
828-773-2628

                                        */s/ Nicholas J. Goldin*
                                        NICHOLAS J. GOLDIN
                                        Assistant United States Attorney

## **CERTIFICATE OF COMPLIANCE**

This reply complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 899 words. This reply also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in 14-point Times New Roman, a proportionally spaced typeface, using Microsoft Word for Office word processing software.

>*/s/ Nicholas J. Goldin*
>NICHOLAS J. GOLDIN
>Assistant United States Attorney
>719 Church Street, Suite 3300
>Nashville, Tennessee 37203
>615-736-5151