FILED
Oct 2, 2025
KELLY L. STEPHENS, Clerk

No. 23-5988

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|    Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LUIS COLINDRES, | ) | |
| | ) | |
|    Defendant-Appellant. | ) | |

Before: SILER, KETHLEDGE, and DAVIS, Circuit Judges.

Following his guilty plea, Defendant Luis Colindres appeals his convictions for conspiracy to participate in racketeering activity, conspiracy to distribute, and possession with intent to distribute, cocaine and marijuana, conspiracy to commit murder in aid of racketeering, witness tampering, obstruction of justice, and destruction of evidence. The government moves to dismiss Colindres's appeal based on the appellate waiver in his plea agreement. Colindres opposes the motion.

"It is axiomatic that as part of a valid plea agreement, criminal defendants may waive many of their most fundamental legal rights, including their right to appeal." *United States v. Milliron*, 984 F.3d 1188, 1192 (6th Cir. 2021) (citation modified). "A waiver provision is binding and forecloses appellate review if (1) the defendant's claim falls within the scope of the appeal waiver

provision; and (2) the defendant 'knowingly and voluntarily' agreed to the plea agreement and waiver." *Id.* at 1193 (citing *United States v. Toth*, 668 F.3d 374, 377–78 (6th Cir. 2012)).

Addressing first whether Colindres's claim falls within the scope of his appellate waiver, Colindres waived all "rights to appeal any issue bearing on the determination of whether he is guilty of the crimes to which he is agreeing to plead guilty" and "any rights to appeal any pretrial motions." On appeal, Colindres asserts that the district court erred in denying his pre-trial motion to suppress. Thus, on its face, Colindres's appeal falls squarely within the scope of the waiver.

Colindres urges us to reach a different conclusion. He asserts that he brings his appeal pursuant to *Corley v. United States*, 556 U.S. 303 (2009); that his appellate waiver included an exception for "a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel"; and thus that his *Corley* claim fits "squarely within the ambit of Fifth Amendment cases arising from concerns about the 'voluntariness' of confessions, and within the scope of that carveout in the plea agreement."

But this *Corley* issue, which targets the admissibility of statements Colindres made to law enforcement while in custody, is not a "claim of involuntariness" within the plain meaning of the appellate waiver. Colindres's brief does not assert that the district court erred in finding that the statements were not coerced. Instead, he argues only that, regardless of whether the statements were coerced, they should still be suppressed because they were made "in direct contravention to [his] right to speedy presentment and well within the ambit of circumstances giving rise to a claim of unlawful arrest." Appellant Br. at 15. This is not colorably an argument based on voluntariness. He also asserts that his appeal implicates a potential claim of prosecutorial misconduct, but he raised no prosecutorial misconduct claim in his appellant brief. *See* Fed. R. App. P. 28(a)(8)(A).

Because Colindres's sole claim falls within the scope of his waiver, "only challenges to the validity of the plea agreement and the appeal waiver therein will be entertained." *Milliron*, 984 F.3d at 1193. In this regard, Colindres argues that he was induced to enter into the plea agreement because of the district court's erroneous denial of his motion to suppress. During his plea colloquy, Colindres expressed a similar sentiment, with his counsel stating that he was "not feeling any pressure to plead guilty other than just the evidence that would be introduced at trial." However, many defendants deciding to accept a plea deal do so under similar pressures, which are not the kind that render a plea agreement involuntary. *See United States v. Robinson*, 455 F.3d 602, 611 (6th Cir. 2006) (rejecting argument that plea agreement was a contract of adhesion and noting that "defendant was free to reject the government's plea offer and proceed to trial"); *United States v. Cox*, 464 F.2d 937, 942 (6th Cir. 1972) ("[A] guilty plea is not rendered invalid because it represents a compromise by [a] defendant, thrusts a difficult judgment upon him, or is motivated by fear of greater punishment.").

Colindres makes two final arguments. He argues that his appeal should be allowed to proceed to prevent a miscarriage of justice. However, "we have never expressly recognized the miscarriage-of-justice exception to the enforcement of appellate waivers in a published decision." *United States v. Mathews*, 534 F. App'x 418, 425 (6th Cir. 2013) (per curiam). Even if we were to recognize such an exception, no miscarriage of justice occurred here. Facing life in prison, Colindres received a well-below-guidelines sentence. And the district court reviewed Colindres's appellate waiver in detail with him. If Colindres wished to preserve the district court's denial of his motion to suppress for appellate review, he could have bargained for it. *See United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012); *see* Fed. R. Crim. P. 11(a)(2).

Lastly, Colindres argues that "the Government's motion should be denied because review on the merits of the argument would clarify the application [sic] of *Corley* and provide necessary guidance to lower courts on presentment clause issues in this Circuit." However, without weighing in on whether Colindres is correct about the need for such guidance, Colindres points to no legal authority establishing that this kind of policy rationale is sufficient to overcome his valid appellate waiver.

Accordingly, the motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk